UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **JAMES ERIC MONDRAGON,** | |
| **Plaintiff,** | |
| v. | CAUSE NO. 2:22-CV-62-JTM-JEM |
| **ZENK, et al.,** | |
| **Defendants.** | |

## OPINION AND ORDER

James Eric Mondragon, a prisoner without a lawyer, filed a complaint against eight defendants. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Mondragon alleges that, in December 2020, when he was housed in section 3F of the Lake County Jail, a number of inmates, correctional officers, and nurses conspired to smuggle contraband into the jail. (DE # 1 at 2.) He asserts the smuggling efforts were facilitated by the use of text messages. (*Id.*) On a number of occasions, Mr. Mondragon states Officer Kelley came to section 3F and advised two inmates what should be said via text message. (*Id.*) Mr. Mondragon asserts that, after Officers Kelley,

Walker, and Jones told inmates that he was being taken to the detectives' bureau for questioning about the contraband, two inmates assaulted and injured him. (*Id*.) After the assault, Mr. Mondragon was moved from section 3F and placed in protective custody. (*Id*.) He states he did not receive medical treatment for his injuries even though his nose, rib, and elbow had been broken. (*Id*. at 2-3.)

Mr. Mondragon asserts he wrote to Deputy Warden O'Connor about the situation at Lake County Jail. (*Id*. at 3.) He next states that classification officers Jarrett and Rodrieguez knew he should not be housed with certain inmates. (*Id*.) He also claims Judge Boswell ordered him to be moved to Porter County Jail and, after he was ordered to be moved to that jail, Deputy Warden O'Connor and a team of officers placed him in segregated housing for five days where he was handcuffed, naked, and housed next to an inmate he was not supposed to be around. (*Id*.) The inmate verbally assaulted him and pounded on the walls and toilet all hours of the day and night even though he knew Mr. Mondragon was taking mental health medication. (*Id*.)

The crux of Mr. Mondragon's complaint is that the defendants failed to protect him from being assaulted by two inmates at Lake County Jail. "Incarcerated people have a clearly established right to be free from physical harm inflicted by others in the institution." *Kemp v. Fulton Cty.*, 27 F.4th 491, 494 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.")). The Seventh Circuit has extended the Fourteenth Amendment's objective unreasonableness test found in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to failure to protect claims. *See id*. at 495 (citing

2

*Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Specifically, a pretrial detainee states a failure to protect claim when he alleges:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, *even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved*—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 496 (emphasis added by Court of Appeals) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)).

As to the second element, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The third element "requires only that the defendant's conduct be objectively unreasonable." *Kemp*, 27 F.4th at 497. Negligence on the part of a defendant is not enough; instead, they "must intend to carry out a certain course of actions." *Id.* Overall, reasonableness "must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

In this case, Mr. Mondragon has sued Officers Kelley, Walker, and Jones, alleging they failed to protect him from being physically harmed at Lake County Jail. He claims that, after these officers told other inmates he was being questioned by detectives about smuggling contraband into the jail, he was assaulted by two inmates. However, these

3

allegations, by themselves, are insufficient to infer that Officers Kelley, Walker, and Jones intentionally put Mr. Mondragon at substantial risk of suffering serious harm. Instead, their actions appear to constitute no more than negligence.

Mr. Mondragon has also sued Deputy Warden O'Connor. However, there is nothing in the complaint to suggest that Deputy Warden O'Connor was present when Mr. Mondragon was assaulted by the two inmates or otherwise personally involved in the incident. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Also, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Thus, Deputy Warden O'Connor cannot be held personally liable solely because he oversees operations at the jail or supervises correctional officers. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Furthermore, the fact that Mr. Mondragon wrote to Deputy Warden O'Connor about his situation at the Lake County Jail does not establish a basis for imposing personal liability. *Burks*, 555 F.3d at 595-96.

With respect to classification officers Jarrett and Rodrieguez, Mr. Mondragon asserts they knew he should not have been housed with certain inmates at Lake County Jail. However, without more, these allegations do not amount to a constitutional violation.

Furthermore, Mr. Mondragon has sued Warden Zenk and Corporal Gentry. However, other than listing them as defendants in the caption of his case, he never mentions them in the complaint.

4

As explained above, this complaint does not state a claim for which relief can be granted. If Mr. Mondragon believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) **GRANTS** James Eric Mondragon until **February 10, 2023**, to file an amended complaint; and

(2) **CAUTIONS** James Eric Mondragon if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: January 10, 2023

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5